UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ELDER CHACON<br><br>and<br><br>BRENDA SAMAYOA<br><br>and<br><br>NATHALY CHACON SAMAYOA, by and through her mother and next friend, BRENDA SAMAYOA<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM MCAULIFFE<br><br>and<br><br>JENNIFER BARLOW<br><br>    Defendants. | Case No. 3:21-cv-31 |

**COMPLAINT**

Plaintiffs Elder Chacon, Brenda Samayoa, and Nathaly Chacon Samayoa, by and through her mother and next friend, Brenda Samayoa, (collectively, "Plaintiffs"), by counsel, and for their Complaint seeking judgment against Defendants William McAuliffe and Jennifer Barlow (collectively, "Defendants"), state as follows:

**JURISDICTION & VENUE**

1. This Court has federal question jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred within the Eastern District of Virginia.

3. Assignment to the Richmond Division of the Eastern District of Virginia is proper, pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the City of Richmond.

**PARTIES**

4. Plaintiff Elder Chacon ("Mr. Chacon") is and was, at all times relevant to this action, a resident of the United States of America and the Commonwealth of Virginia, residing in Richmond, Virginia.

5. Plaintiff Brenda Samayoa ("Ms. Samayoa") is and was, at all times relevant to this action, a resident of the United States of America and the Commonwealth of Virginia, residing in Richmond, Virginia.

6. Plaintiff Nathaly Chacon Samayoa ("Nathaly") is and was, at all times relevant to this action, a resident of the United States of America and the Commonwealth of Virginia, residing in Richmond, Virginia.

7. Defendant William McAuliffe ("Officer McAuliffe") is and was, at all times relevant to this action, an officer employed by the City of Richmond Police Department and acting under color of state law. Officer McAuliffe is sued in his individual capacity.

8. Defendant Jennifer Barlow ("Officer Barlow") is and was, at all times relevant to this action, an officer employed by the City of Richmond Police Department and acting under color of state law. Officer Barlow is sued in her individual capacity.

## STATEMENT OF FACTS

9. On August 7, 2019, at about 6:00 p.m., Mr. Chacon was involved in a minor four-car traffic accident in the City of Richmond. At the time of the accident, Mr. Chacon's wife, Ms. Samayoa, and their two children were passengers in Mr. Chacon's truck.

10. Mr. Chacon was operating an F-250 truck and hauling a trailer containing his landscaping equipment when a vehicle struck his trailer from behind. The force of the impact pushed Mr. Chacon's truck into the vehicle in front of him and left an indentation and a scuff of red paint on the rear of his trailer.

11. The police were called to the scene of the accident, and Officer McAuliffe and Officer Barlow arrived to investigate. Mr. Chacon and Ms. Samayoa do not speak fluent English and had a difficult time understanding and speaking with the officers. Rather than calling a Spanish interpreter for assistance, Officer McAuliffe attempted to communicate with Mr. Chacon and Ms. Samayoa through their twelve-year-old daughter, Nathaly.

12. Mr. Chacon tried to inform Officer McAuliffe through Nathaly that a fourth vehicle (which fled the scene immediately after the accident) had struck him from behind, causing his truck to collide with the vehicle in front of it. However, Officer McAuliffe chose to ignore Mr. Chacon's explanation of the accident.

13. Without investigating any further, Officer McAuliffe wrote Mr. Chacon a citation for violation of Virginia Code Section 46.2-816, Following Too Closely, and attempted to hand Mr. Chacon the summons to sign. When Mr. Chacon realized that Officer McAuliffe was giving him a citation when it was he who was rear-ended, Mr. Chacon shook his head, took a step back, and declined to sign the summons.

14. In a fit of sudden and unprovoked rage, Officer McAuliffe threw his clipboard on the ground and violently grabbed at Mr. Chacon's person.



15. Understandably, Mr. Chacon took several steps back and instinctively placed his hand in front of him to block Officer McAuliffe's unwarranted physical contact. At no point did Mr. Chacon initiate physical contact with Officer McAuliffe.



16. As Mr. Chacon retreated backwards, Ms. Samayoa put herself between her husband and Officer McAuliffe to prevent further escalation of the situation.

4



17. Officer McAuliffe pushed Ms. Samayoa out of the way, striking her in the face and pushing her into Nathaly, who was standing next to her, as Ms. Samayoa fell to the ground.



18. After assaulting Ms. Samayoa, Officer McAuliffe continued to pursue Mr. Chacon. With great force, Officer McAuliffe shoved Mr. Chacon off his feet and onto the ground.

5

Case 3:21-cv-00031-HEH   Document 1   Filed 01/20/21   Page 6 of 15 PageID# 6





19. During this violent assault, Officer McAuliffe jumped on top of Mr. Chacon and proceeded to deliver blow after blow to his face and upper body with closed fists.



20.     Meanwhile, Mr. Chacon attempted to shield himself from the blows with his hands and arms.



21.     As Officer McAuliffe continued to brutally assault Mr. Chacon, Officer Barlow approached the two individuals struggling on the ground. Rather than taking steps to deescalate the situation and prevent any further infliction of harm on Mr. Chacon, Officer Barlow joined in on the assault by discharging her taser at him while he was being beaten.



22. Officer McAuliffe and Officer Barlow did not observe any weapons on Mr. Chacon's person during their initial interaction with him and, thus, had no reason to believe that Mr. Chacon was armed or dangerous.

23. Furthermore, Officer McAuliffe and Officer Barlow had no reason to believe Mr. Chacon would flee the scene of the accident, as his wife and children were present, along with his truck and his work equipment.

24. Despite their knowledge that Mr. Chacon was unarmed and having no reason to believe otherwise, Officer McAuliffe and Officer Barlow used an excessive amount of physical force to restrain Mr. Chacon. The restraint of Mr. Chacon was itself unreasonable since there was no probable cause to believe he had committed any serious crime, and was initiated solely because Mr. Chacon refused to sign the summons presented to him.

25. At the time that Officer McAuliffe and Officer Barlow assaulted Mr. Chacon, he was not engaged in any activity suggesting that he posed a threat to officer safety or to any other person.

26. As a result of his interaction with Officer McAuliffe and Officer Barlow, Mr. Chacon, Ms. Samayoa, and their two children were severely traumatized.

## COUNT I
**42 U.S.C. § 1983 – Unreasonable Seizure Effectuated by Excessive Force in Violation of the Fourth and Fourteenth Amendment – Officer McAuliffe & Officer Barlow**

27. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

28. At all relevant times to this action, Plaintiffs had a clearly established right under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, to be free from seizures effectuated through the use of excessive force.

29. Through their actions set forth herein, Officer McAuliffe and Officer Barlow, while acting under color of state law, conducted an unreasonable seizure in that they employed excessive force, in the form of closed fist blows and the use of a taser, in an attempt to physically restrain Mr. Chacon in violation of his Fourth and Fourteenth Amendment rights.

30. Officer McAuliffe and Officer Barlow violated Mr. Chacons's right to be free from seizure effectuated by excessive force when Officer Barlow discharged a taser at Mr. Chacon while Officer McAuliffe delivered body blows to Mr. Chacon while Mr. Chacon was on the ground.

31. Additionally, given that Mr. Chacon was not acting in a manner posing a threat to himself or others at that time, Officer McAuliffe and Officer Barlow were not permitted to use the severe level of force that they did to restrain him.

32. As a result of Mr. Chacon's interaction with Officer McAuliffe and Officer Barlow, he was forced to incur unnecessary medical costs due to the physical injuries he suffered, as well as the damages more specifically addressed in the "Damages" section below.

33. Officer McAuliffe, while acting under color of state law, also conducted an unreasonable seizure of Ms. Samayoa when he employed excessive force by striking her in the face and pushing her to the ground, all in violation of her Fourth and Fourteenth Amendment rights.

34. Officer McAuliffe, while acting under color of state law, also conducted an unreasonable seizure of Ms. Samayoa when he employed excessive force by striking her in the face and pushing her to the ground, all in violation of her Fourth and Fourteenth Amendment rights.

35. Officer McAuliffe violated Ms. Samayoa's right to be free from seizure effectuated by excessive force when he employed excessive force by striking her in the face and pushing her to the ground while she was merely attempting to shield her husband from Officer McAuliffe's blows.

36. Additionally, given that Ms. Samayoa was not acting in a manner posing a threat to herself or others at that time, Officer McAuliffe was not permitted to use any level of force on her.

37. As a result of Ms. Samayoa's interaction with Officer McAuliffe, she was forced to incur unnecessary medical costs due to the physical injuries she suffered, as well as the damages more specifically addressed in the "Damages" section below.

38. Officer McAuliffe and Officer Barlow's use of excessive force on Mr. Chacon and Officer McAuliffe's use of excessive force on Ms. Samayoa establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II
### State Law Battery – Officer McAuliffe & Officer Barlow

39. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Officer McAuliffe unlawfully battered Mr. Chacon when he threw Mr. Chacon to the ground and beat him while he was unarmed and not engaged in any activity suggesting that he posed a threat to officer safety or to any other person. Gnadt v. Commonwealth, 27 Va. App. 148, 151 (1998) ("An unlawful arrest or an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful.").

41. Officer Barlow unlawfully battered Mr. Chacon when she discharged her taser at him while he was unarmed and not engaged in any activity suggesting that he posed a threat to officer safety or to any other person.

42. Officer McAuliffe unlawfully battered Ms. Samayoa when he pushed her, struck her in the face, and caused her to fall onto the ground.

43. Officer McAuliffe unlawfully battered Nathaly when he pushed Ms. Samayoa into her.

44. Officer McAuliffe and Officer Barlow carried out the above intentional acts with the intent to injure or maim Plaintiffs.

45. In doing so, Officer McAuliffe and Officer Barlow committed an unwanted and unlawful touching upon Plaintiffs.

46. This touching was without Plaintiffs' consent, without excuse, and without any legal justification.

47. Specifically, any reasonable officer would know that it was unlawful to beat and/or tase an unarmed individual who was not engaged in violent activity and did not present an

imminent serious threat to others.

48. As a direct and proximate result of Officer McAuliffe and Officer Barlow's unlawful battery of Plaintiffs, they suffered physical injury, mental anguish, and emotional harm.

## COUNT III
### Intentional Infliction of Emotional Distress – Officer McAuliffe & Officer Barlow

49. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

50. Officer McAuliffe and Officer Barlow, in brutally assaulting and battering Mr. Chacon in front of his family, acted in an outrageous and intolerable manner.

51. Officer McAuliffe and Officer Barlow carried out the above acts with the specific purpose of inflicting emotional distress upon Mr. Chacon or, alternatively, intended their specific conduct, knowing that their conduct would likely result in emotional distress to Mr. Chacon.

52. The conduct of Officer McAuliffe and Officer Barlow as described above is outrageous and intolerable in that it offends generally accepted standards of decency and morality.

53. As a foreseeable result of Officer McAuliffe's and Officer Barlow's outrageous and intolerable conduct on August 7, 2019, Mr. Chacon suffered severe emotional distress.

54. The conduct of Officer McAuliffe and Officer Barlow as described above is the proximate cause of Mr. Chacon's damages and personal injuries including, but not limited to, degradation, humiliation, and embarrassment, severe emotional distress, anxiety, and post-traumatic stress, sleeplessness, fear of law enforcement officers, fear of arrest and involuntary confinement, and violation of his civil rights and liberty.

## COUNT IV
### Negligent Infliction of Emotional Distress – Officer McAuliffe & Officer Barlow

55. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Officer McAuliffe and Officer Barlow, in assaulting and battering Mr. Chacon in front of his family, acted in an outrageous and intolerable manner.

57. Officer McAuliffe's and Officer Barlow's conduct as described above was negligent.

58. Officer McAuliffe's and Officer Barlow's negligent conduct caused Nathaly to suffer severe emotional distress, anxiety, and post-traumatic stress, and caused her to develop an intense fear of law enforcement officers.

59. Nathaly's emotional distress was so severe that it caused her physical injury. Specifically, Nathaly began suffering from bedwetting and sleeplessness immediately after the events of August 7, 2019, took place.

60. Nathaly's physical injuries were the natural result of the fright and shock caused by Officer McAuliffe's and Officer Barlow's negligence.

## DAMAGES

61. As a direct result of Defendants' unconstitutional and tortious conduct as set forth above, Plaintiffs suffered economic, physical, and emotional injuries and damages, including:

   a) Past, present, and future physical pain, mental anguish and trauma, emotional pain, torment, and suffering;

   b) Past, present, and future shame, fright, mortification, embarrassment, humiliation, and loss of dignity;

   c) Loss of wages; and

    d) Past and future medical expenses;

62. Further, Plaintiffs respectfully asks that this Court award them expenses that they reasonably incur in this litigation, including reasonable attorneys' fees and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

Accordingly, Plaintiffs demand judgment, jointly and severally, against Defendants Officer McAuliffe and Officer Barlow for compensatory damages in the amount of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and exemplary damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), together with costs incurred in the pursuit of a just resolution of this matter, pre-judgment and post-judgment interest, and attorneys' fees.

**A TRIAL BY JURY IS REQUESTED.**

Respectfully Submitted,

ELDER CHACON,
BRENDA SAMAYOA, &
NATHALY CHACON SAMAYOA, by and through her mother and next friend,
BRENDA SAMAYOA

By: _____/s/_____
          Counsel

Jonathan E. Halperin (VSB No. 32698)
Andrew Lucchetti (VSB No. 86631)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law

and

E. Wayne Powell (VSB No. 19950)
Powell Law Group
14407 Justice Road
Midlothian, VA 23113
Phone: (804) 794-4030
Facsimile: (804) 794-6576
wpowell@ewplg.com